UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Lonnie Kevin Clark,

        Petitioner,

v.                                                    Civil No. 07-1598 (JNE/JSM)
                                                      ORDER

Joan Fabian, Commissioner
of Corrections,

        Respondent.

        This case is before the Court on a Report and Recommendation issued by the Honorable Janie S. Mayeron, United States Magistrate Judge, on November 25, 2008. The magistrate judge recommended that Petitioner's application for habeas corpus relief under 28 U.S.C. § 2254 (2006) be denied and that the action be dismissed with prejudice. Petitioner objected to the Report and Recommendation. The Court has conducted a de novo review of the record. *See* D. Minn. LR 72.2(b). For the reasons discussed below, the Court adopts the Report and Recommendation.

        Petitioner was charged in state court with third-degree criminal sexual conduct. On April 13, 2001, the State of Minnesota moved to amend the complaint to add the offense of criminal sexual conduct in the first degree. The record is silent as to whether the motion was formally granted at that time. On June 26, 2001, Petitioner pled guilty to third-degree criminal sexual conduct, entering the Minnesota-equivalent of an *Alford* plea. *Cf. State v. Goulette*, 258 N.W.2d 758, 760 (Minn. 1977). Imposition of sentence was stayed, and Petitioner was placed on probation for zero to ten years. Petitioner violated probation, and, at a probation hearing in January 2004, he asked to withdraw his guilty plea. Petitioner's request was granted, and the case was set for trial. It appears that the State again moved to amend the complaint to add a

charge of first-degree criminal sexual conduct. The record is silent on the question of whether in 2004 the state district court ruled on the state's motion or motions to amend the complaint. It is not disputed, however, that by the time of trial the parties and the court all proceeded on the assumption that Petitioner was on trial for both first- and third-degree criminal sexual conduct. Petitioner was convicted and sentenced on the first-degree charge.[1]

A criminal defendant has a right to notice of the charges against him or her and a meaningful opportunity to defend. *Jackson v. Virginia*, 443 U.S. 307, 314 (1979). As explained in the Report and Recommendation, Petitioner was not denied notice or a meaningful opportunity to contest the charges against him in this case, and Petitioner has not identified any way in which his case would have proceeded differently had the State's request to amend the complaint been formally granted on the record.

Petitioner, citing *Stirone v. United States*, 361 U.S. 212 (1960), posits that no amount of notice can cure conviction on a charge that was not formally contained in a criminal complaint. In *Stirone*, the defendant was indicted on federal charges, but he was tried on additional charges that were not submitted to a grand jury. 361 U.S. at 217. The Court in *Stirone* stated that "the defendant's substantial right to be tried only on charges presented in an indictment returned by a grand jury" is a "basic right" and that violation of that right cannot be dismissed as harmless error. *Id*. Because the Constitution does not require grand jury indictments in state prosecutions, *see Hurtado v. California*, 110 U.S. 516, 534-35 (1884); *Williams v. Nix*, 751 F.2d 956, 961 (8th Cir. 1985), the statements in *Stirone* regarding indictment by a grand jury are inapplicable, and Petitioner has no right to demand that the state law charges against him be presented in an

---

[1] The relevant facts are discussed in greater detail in the magistrate judge's Report and Recommendation and in *Minnesota v. Clark*, No. A04-1942, 2005 WL 3466645 (Minn. Ct. App. Dec. 20, 2005).

indictment returned by a grand jury, *see* Minn. R. Crim. P. 17.01 (stating that criminal charges, unless they carry a life sentence, may be charged by complaint). Accordingly, Petitioner has not established that he is the victim of a fundamental constitutional error that is not susceptible to harmless error analysis, *see Neder v. United States*, 527 U.S. 1, 7 (2005) (citing *Arizona v. Fulminante*, 499 U.S. 279, 309 (1991)), and the Court denies Petitioner's application and adopts the Report and Recommendation.

An appeal may not be taken from a final order denying a petition under section 2254 without a certificate of appealability (COA). 28 U.S.C. § 2253(c)(1)(A) (2006); Fed. R. App. P. 22(b)(1). A court cannot grant a COA unless the applicant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, Petitioner has not demonstrated that reasonable jurists would find the rejection of Petitioner's claims on the merits debatable or wrong. Accordingly, Petitioner is not entitled to a COA.

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Petitioner's application for writ of habeas corpus relief under 28 U.S.C. § 2254 [Docket No. 1] is DENIED.

2. This action is DISMISSED WITH PREJUDICE.

4

    3.      Petitioner is not entitled to a certificate of appealability.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  January 9, 2009

                                                                           s/  Joan N. Ericksen
                                                                           JOAN N. ERICKSEN
                                                                           United States District Judge